HOMER PENDARVIS v. STATE.

No. A.-6847.   Opinion Filed Nov. 2, 1929.
(282 Pac. 178.)

118

Ray & Thomas, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Comanche county on a charge of having possession of intoxicating liquor with intent to sell the same, and his punishment fixed at a fine of $250 and confinement in the county jail for a period of 90 days.

Defendant complains, first, that the court erred in overruling his motion to suppress the evidence because of the insufficiency of the affidavit for the search warrant. The affidavit, after describing the premises to be searched and that whisky, beer, and wine are kept at the premises, says,

"It is a place of public resort, the place has been searched on several occasions and I nearly always found intoxicating liquors there; I have arrested drunks there in the house and in the yard."

The facts stated in the affidavit were sufficient to authorize the issuance of the search warrant and the search of the premises.

The witnesses for the state testified that on a search of defendant's premises they found a gallon and a half of wine in the ice box and a 16-gallon crock about three-fourths full of beer in the barn. Some of the witnesses

qualified and testified that the beer was intoxicating. They further testified that they had raided the place on numerous occasions and had always found intoxicating liquors except one time; that they had arrested drunk people in the house and in the yard and had seen numerous drunken people coming away from defendant's premises; that it was a place where people congregated for the purpose of drinking intoxicating liquors and had the reputation of being such a place. All this evidence was offered for the purpose of showing that the place was a place of public resort and for the purpose of establishing the reputation of the place and also for the purpose of establishing the intent of the defendant with respect to the liquor seized.

The evidence was sufficient to support the verdict of the jury, and the objections of the defendant to the introduction of the evidence on account of the insufficiency of the affidavit for the search warrant was properly overruled.

The cause is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.